# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 30, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BRADY MURPHY,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-161**     (Cir. Ct. Calhoun Cnty. Case No. CC-07-2021-C-17)

**JAMES KING and AMANDA KING,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Brady Murphy appeals the Circuit Court of Calhoun County's March 12, 2025, Order From Post-Trial Hearing Following Jury Trial. The order confirms a jury verdict returned in favor of Respondent Amanda King awarding her possession of a disputed parcel of real property and awarding monetary damages. Ms. King filed a response.[1] Mr. King did not participate in this appeal. Mr. Murphy filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

This litigation arises from competing claims to ownership of real property located in Orma, Calhoun County. Mr. Murphy initiated the action asserting that he acquired the property from third-party defendant Jo Ann Pauley and that James and Amanda King were unlawfully residing there. He sought their eviction and confirmation of his title. Ms. King answered and filed a counterclaim and third-party complaint asserting a different chain of equitable ownership. According to Ms. King, in 2006, Ms. Pauley entered into a "rent-to-own" agreement with Bobby and Melissa Stout for the property and the mobile home situated on it, with title to transfer upon payment of $15,000. In 2013, the Stouts entered into a second "rent-to-own" agreement with James and Amanda King, transferring

---

[1] Mr. Murphy is self-represented. Amanda King is represented by Kevin W. Hughart, Esq.

1

their interest in the original contract.[2] Although the payment obligations were allegedly satisfied in full, no deed was executed by Ms. Pauley to the Stouts or by the Stouts to the Kings. Instead, Ms. Pauley conveyed the property to Mr. Murphy despite knowing that the prior contracts had been fully paid. Ms. King alleged that Mr. Murphy was likewise aware of the completed payments and that he and Ms. Pauley agreed he would pursue eviction of Ms. King. She sought damages and a declaration that she was the rightful owner of the property.

A jury trial was conducted over three days in October 2023. The evidence presented included testimony from the parties, from Ms. Pauley, and from Melissa McClain (formerly Stout), as well as the disputed land contracts and related documents. The jury returned a verdict on October 12, 2023, in favor of Ms. King. Mr. Murphy subsequently filed a motion under Rule 50(b) of the West Virginia Rules of Civil Procedure, asserting that the verdict rested on fraudulent or altered land contracts and that the evidence was insufficient as a matter of law. The circuit court held a hearing on November 15, 2023, and thereafter entered its final order on March 12, 2025, denying the motion and confirming the jury's verdict. This appeal of the March 12, 2025, order followed.

Orders granting or denying a post-trial motion for judgment as a matter of law are reviewed de novo. Syl. Pt. 1, *Fredeking v. Tyler*, 224 W. Va. 1, 680 S.E.2d 16 (2009); *Gregory v. Long*, No. 23-ICA-422, 2024 WL 4041383, at *3 (W. Va. Ct. App. Sept. 4, 2024) (memorandum decision). "A motion for [judgment as a matter of law] may properly be granted only when it appears from all the evidence presented that the party against whom the verdict is sought would not be entitled to a verdict under any view of the evidence." *Roberts v. Stevens Clinic Hosp., Inc.*, 176 W. Va. 492, 499, 345 S.E.2d 791, 798 (1986). "An appellate court will not set aside the verdict of a jury, founded on conflicting testimony and approved by the trial court, unless the verdict is against the plain preponderance of the evidence." Syl. Pt. 1, *Capitol Chrysler-Plymouth, Inc., v. Megginson*, 207 W. Va. 325, 532 S.E.2d 43 (2000) (quoting Syl. Pt. 1, *Kessel v. Leavitt*, 204 W. Va. 95, 511 S.E.2d 720 (1998)).

On appeal, Mr. Murphy raises fourteen assignments of error, which we consolidate into five discrete arguments to align with our analysis. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (consolidating assignments of error); *see also Harlow v. E. Elec., LLC*, 245 W. Va. 188, 195 n.25, 858 S.E.2d 445, 452 n.25 (2021) (reordering assignments of error to accord with the Court's analysis). Restated, Mr. Murphy argues that: (1) the circuit court abused its discretion in denying Mr. Murphy's post-trial motion; (2) Mr. Murphy's attorney's failures at trial were prejudicial to Mr.

---

[2] James King and Amanda King divorced after this action was filed. In the divorce proceedings, James King relinquished his claims in this case and his interest in the property.

2

Murphy; (3) Ms. King's attorney's improper statements and actions at trial were prejudicial to Mr. Murphy; (4) the circuit court allowed improper jury instructions; and (5) the circuit court ignored evidence of juror bias and misconduct.

First, Mr. Murphy asserts that the circuit court erred in denying his post-trial motion for judgment as a matter of law filed pursuant to Rule 50(b) of the West Virginia Rules of Civil Procedure.[3] This argument fails at the threshold because he did not move for judgment as a matter of law under Rule 50(a) during trial. A Rule 50(a) motion is a mandatory prerequisite to a post-trial Rule 50(b) motion. *See* W. Va. R. Civ. P. 50; Syl. Pt. 5, in part, *McInarnay v. Hall*, 241 W. Va. 93, 818 S.E.2d 919 (2018) ("Under the [West Virginia Rules of Civil Procedure] [1998], when a party has failed during a jury trial to make a motion for judgment as a matter of law under Rule 50(a) challenging the sufficiency of the evidence, that party has waived the right to mount any post-trial attack on the sufficiency of the evidence under Rule 50(b) . . . ."). This requirement ensures that the trial court and opposing parties are alerted to alleged evidentiary deficiencies while corrective action is still possible. *See id.* at 99, 818 S.E.2d at 925. Because Mr. Murphy did not preserve the issue, the circuit court properly denied his Rule 50(b) motion.

Mr. Murphy next contends that his attorney's performance at trial was deficient and prejudicial. He asserts that counsel failed to object during voir dire, failed to challenge evidence, failed to object to jury instructions, and failed to object to opposing counsel's statements. West Virginia law is clear that claims of ineffective assistance of counsel are not cognizable in civil cases. *See First Nat'l Bank in Marlinton v. Blackhurst,* 176 W. Va. 472, 479, 345 S.E.2d 567, 574 (1986) ("[I]t is not our desire to turn the *Code of Professional Responsibility* into fodder for fashioning errors on appeal, and thereby inadvertently create a doctrine of 'ineffectiveness of counsel' for civil litigants"). Any remedy for alleged attorney negligence lies in a malpractice action, not in reversal of a civil judgment. This argument therefore provides no basis for relief.

Mr. Murphy further asserts that Ms. King's counsel made improper remarks during trial and closing argument and that counsel's use of a laser pointer distracted the jury. As an initial matter, Mr. Murphy waived this issue by not filing a motion for a new trial. "If a party fails to make a timely motion for a new trial, after a trial by jury in which judgment as a matter of law has not been rendered by the court, the party is deemed to have waived all errors occurring during the trial which the party might have assigned as grounds in support of such motion." W. Va. R. Civ. P. 59(f) (2025). Mr. Murphy could have raised

---

[3] Mr. Murphy characterizes this motion as a motion "for judgment notwithstanding the verdict." However, since 1998, a post-trial motion filed under Rule 50(b) of the West Virginia Rules of Civil Procedure has been referred to as a motion for judgment as a matter of law, rather than a motion for judgment notwithstanding the verdict. *See Fredeking*, 224 W. Va. at 4-5, 680 S.E.2d at 19-20.

3

Ms. King's counsel's allegedly improper remarks and behavior at closing arguments as grounds for a new trial. *See Jones v. Setser*, 224 W. Va. 483, 492, 686 S.E.2d 623, 632 (2009) (concluding that trial court should have granted new trial based on opposing counsel's comments and behavior). Mr. Murphy also acknowledges that his attorney waived any objections to opposing counsel's behavior by failing to object. Accordingly, Mr. Murphy waived this issue.

Moreover, attorneys are generally afforded wide latitude in argument so long as they remain within the evidence and do not make statements calculated to inflame or mislead the jury. *See* Syl. Pt. 2, *Jones v. Setser*, 224 W. Va. 483, 686 S.E.2d 623 (2009) ("Great latitude is allowed counsel in argument of cases, but counsel must keep within the evidence, not make statements calculated to inflame, prejudice or mislead the jury, nor permit or encourage witnesses to make remarks which would have a tendency to inflame, prejudice or mislead the jury.") (quoting Syl. Pt. 2, *State v. Kennedy,* 162 W. Va. 244, 249 S.E.2d 188 (1978)). Our review of the transcript reveals that counsel's remarks were grounded in the evidence, including allegations of collusion between Mr. Murphy and Ms. Pauley. The record contains no indication that the use of a laser pointer was distracting or prejudicial. Thus, the circuit court acted within its discretion in permitting the arguments and presentation.

Mr. Murphy also challenges the circuit court's jury instructions on fraud and emotional distress. Because he did not object to the instructions before closing arguments, we determine that this issue is waived. *See* Syl. Pt. 5, in part, *Page v. Columbia Nat. Res., Inc.*, 198 W. Va. 378, 480 S.E.2d 817 (1996) ("No party may assign as error the giving or the refusal to give an instruction unless he objects thereto before the arguments to the jury are begun, stating distinctly, as to any given instruction, the matter to which he objects and the grounds of his objection . . . .") (quoting Syl. Pt. 1, in part, *Shia v. Chvasta,* 180 W. Va. 510, 377 S.E.2d 644 (1988)).[4] The jury instructions were supported by the evidentiary record, including Ms. McClain's testimony regarding the land contracts and the parties' dealings, and we find that Mr. Murphy's challenge provides no basis for reversal.

Finally, Mr. Murphy contends that the circuit court erred in failing to address juror bias because during voir dire, several jurors disclosed ties to a key witness, Melissa McClain. However, during voir dire, those jurors affirmed their ability to remain impartial, and Mr. Murphy did not challenge any juror for cause. The Supreme Court of Appeals of West Virginia has repeatedly recognized that a party in a civil case who does not move to

---

[4] Mr. Murphy's failure to file a motion for a new trial also waived this issue. *See W. Va. Dep't of Transp., Div. of Highways v. Newton*, 235 W. Va. 267, 276-77, 773 S.E.2d 371, 380-81 (2015) ("It was incumbent upon DOH to file a post-trial motion for new trial in order for this Court to assess the prejudicial impact of the . . . jury instructions. To do otherwise would make the general waiver under Rule 59(f) meaningless.").

strike a prospective juror waives the right to raise error on appeal with respect to the circuit court's failure to strike that juror for cause. *See, e.g.*, *Thomas v. Makani*, 218 W. Va. 235, 239, 624 S.E.2d 582, 586 (2005) (recognizing that because "counsel for [Petitioner] did not move to strike either of these jurors for cause" she "waived her right to allege error in this appeal with respect to these two jurors"); *Murphy v. Miller*, 222 W. Va. 709, 717, 671 S.E.2d 714, 722 (2008) (same). We therefore determine that the circuit court acted within its discretion in empaneling the jury.

Mr. Murphy had a full and fair opportunity to present his case to the jury. The jury resolved the factual disputes and credibility questions and returned a verdict for Ms. King. The circuit court reviewed the verdict and found it supported by the evidence. The appellant bears the burden of showing error, and all presumptions favor the correctness of the proceedings and of the circuit court's judgment. *See* Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court."). In this case, we conclude that Mr. Murphy has not established reversible error in the judgment below.

Accordingly, we affirm the circuit court's March 12, 2025, order.

Affirmed.

**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White